UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER LYNNE FLETCHER,

      Plaintiff,

CASE NO. 1:11-CV-1100

v.

HON. ROBERT J. JONKER

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Scoville's Report and Recommendation in this matter (docket # 19) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends affirming the decision of the ALJ to deny Plaintiff's request for disability insurance benefits and supplemental security income benefits (docket # 20). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections (docket # 23). The Court finds the Magistrate Judge's Report and Recommendation (docket # 20) is factually sound and legally correct.

Plaintiff's objections to the Report and Recommendation center on her claim that the ALJ and the Magistrate Judge failed to take into account adequately records of the treatment Plaintiff pursued with John Jerome, Ph.D. (Obj., docket # 23.) Plaintiff claims that the ALJ and Magistrate Judge mistakenly concluded that there was a gap in her treatment during which she was actually treating with Dr. Jerome, and that the ALJ should have described in more detail the weight she accorded Dr. Jerome's records. (*Id.*) Plaintiff's objections regarding Dr. Jerome are not well taken. In the first place, contrary to Plaintiff's assertion, the Magistrate Judge made no finding regarding an absence of treatment. He simply quoted testimony from a testifying expert (docket # 20 at 11.) Second, the ALJ referenced Dr. Jerome's records as part of the file (A.R. 30), noting that Dr. Jerome described the Plaintiff as having a GAF of 40-45, but also oriented in all spheres, not suicidal, and looking into employment options. (*Id.*) The ALJ's assessment of Dr. Jerome's reports is consistent with her ultimate decision. The ALJ also details, as does the Magistrate Judge, other record evidence she found convincing and which led to her conclusion (A.R. 28-33). Third, Plaintiff did not even mention Dr. Jerome's records in her argument to the Magistrate Judge. In

short, there exists substantial evidence on this record to support Defendant's decision to deny Plaintiff's request for disability insurance benefits and supplemental security income benefits. None of Plaintiff's objections add to or change the analysis.

Plaintiff earlier moved for an extension of time to supplement the record (docket # 24). The Magistrate Judge denied the motion (docket # 25), and Plaintiff did not appeal the denial. No party has moved to supplement the record, and the Court will not keep the matter open simply on the prospect there may be such a motion.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 20) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:     August 21, 2013                /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE